FILED

2005 Aug-25  AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DR. ALEXANDER MCELROY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.  CV-04-S-2525-NE** |
| | ) | |
| **LAWRENCE COUNTY BOARD** | ) | |
| **OF EDUCATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff claims that defendants discriminated against him on the basis of his race, African American, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Fourteenth Amendment to the Constitution of the United States.  Plaintiff seeks redress for the constitutional violation pursuant to 42 U.S.C. § 1983.[1]  He also claims that defendants retaliated against him for participating in an investigation by the EEOC and for filing a charge of discrimination with the EEOC, in violation of Title VII.[2]  This action is presently before the court on plaintiff's motion (i) for leave to amend his complaint to assert a Title VII claim under a theory of disparate impact, and (ii) for extension of time to

---

[1] *See* doc. no. 8 (amended complaint), ¶¶ 25-35.

[2] *See id.*, ¶¶ 36-38.

conduct further discovery.[3]  Defendants oppose the motion.[4]  Upon consideration of the motion, briefs,[5] and evidentiary materials,[6] the court finds that plaintiff's motion is due to be denied.

## I.  FACTUAL BACKGROUND

Plaintiff filed claims against the Lawrence County Board of Education ("the Board"), five members of the Board, and the Superintendent of the Lawrence County School System.[7]  Plaintiff is a Special Education instructor at Hazlewood High School in the Lawrence County School System.[8]  He complains that defendants have denied his multiple applications for Principal and Assistant Principal positions because of his race.

Discovery in this matter commenced on November 23, 2004.[9]  The court issued a Scheduling Order on December 7, 2004, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.[10]  The order stated that "[n]o causes of action, defenses, or parties

---

[3] Doc. no. 30.

[4] Doc. no. 31.

[5] Doc. no. 30 (plaintiff's brief); doc. no. 31 (defendant's opposition); doc. no. 32 (plaintiff's reply).

[6] Doc. no. 30 (plaintiff's brief), Exs. A-D.

[7] *See* doc. no. 8, ¶¶ 5-7.

[8] *Id.*, ¶ 12.

[9] *See* doc. no. 3 (Uniform Order), at 5 ("The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 and Local Rule LR26.1 immediately after the required report has been filed."); doc. no. 6 (Report of Parties' Planning Meeting) (filed November 23, 2004).

[10] "District courts are required to 'enter a scheduling order that limits the time to . . . join

may be added after January 3, 2005."[11]  The order also stated that "[a]ll discovery must be commenced in time to be completed by July 1, 2005."[12]  The court subsequently extended the discovery deadline to August 5, 2005.[13]  Plaintiff filed the present motion on August 2, 2005.

## II. DISCUSSION

### A.    Motion for Leave to Amend Complaint

Where, as here, "a motion to amend is filed after a scheduling order deadline, Rule 16 [of the Federal Rules of Civil Procedure] is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (citations omitted).  Rule 16(b) states, in relevant part, that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking extension.'" *Sosa*, 133 F.3d at 1418 (citations omitted).

Here, sometime during discovery, defendants asserted that plaintiff's applications for Principal positions were denied because he lacked "administrative

---

other parties and to amend the pleadings . . .'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)).

[11] Doc. no. 7, ¶ 2.

[12] *Id.*, ¶ 3.

[13] Doc. no. 27 (Amended Scheduling Order), ¶ 1.

experience."[14] One method for obtaining such "administrative experience" was to be promoted to the position of *Assistant* Principal.  However, according to plaintiff, defendants employed only one African American individual in the position of Assistant Principal from 1985 to 2005.  Defendants employed only four African American individuals in the position of Principal during the same time period. Plaintiff therefore proposes to assert, in an amended complaint, that "administrative experience" is a facially-neutral criterion that has an adverse impact on the ability of African Americans to obtain Principal positions within the Lawrence County School System.[15]

The deadline for amended pleadings was January 3, 2005.  Plaintiff filed his motion to amend seven months after that date.  While plaintiff may have a viable claim of disparate impact, he ultimately fails to articulate good cause for modification of the Scheduling Order, particularly at this late stage of litigation.  Plaintiff asserts that he received relevant information only "[i]n the course of discovery."[16]  However, plaintiff fails to state with any greater specificity exactly *when* he requested or received that information.  This is a significant omission.  There is no indication that plaintiff diligently sought to explore the scope of his claims *before* the court's

---

[14] Doc. no. 30 (Motion to Extend), at 2-3.

[15] *See id.*

[16] *See id.* at 2.

4

deadline for amending pleadings.[17]  As plaintiff has failed to show good cause for modification of the Scheduling Order, his motion will be denied.

## B.      Motion for Additional Discovery

The court extended the discovery cut-off date from July 1 to August 5, 2005. Plaintiff now moves the court to grant him three additional months of discovery.

### 1.      Applicants for Principal and Assistant Principal Positions

Plaintiff seeks additional time to gather information about individuals who applied for Principal or Assistant Principal positions in the Lawrence County School System from 1985 to 2005.  Plaintiff served defendants with the following interrogatories on January 18, 2005:

> 5.      Please identify every individual who has applied, been interviewed, been considered, or expressed interest in the last 20 years for any Principal position in the Lawrence County school system.  For each such individual, please state:
>
>    a.      The position for which they applied, were interviewed, were considered or expressed interest;
>    b.      Their race;
>    c.      Their last known mailing address and telephone number;
>    d.      Every reason why the individual was not hired for

---

[17]  The court is aware that plaintiff served defendants with interrogatories and requests for production of documents on January 18, 2005 (*see* doc. no. 16, Exs. A & B).  After defendants objected to the discovery as irrelevant and overly burdensome, plaintiff moved the court to compel production (doc. no. 16).  That motion was granted on May 31, 2005 (doc. no. 26).  These proceedings, however, do not assist plaintiff here.  Plaintiff's discovery requests were propounded nearly two months after the commencement of discovery, and fifteen days after the deadline for amending pleadings.

the position.

6.     Please identify every individual who has applied, been
       interviewed, been considered, or expressed interest in the last 20
       years for any Assistant Principal position in the Lawrence County
       school system.  For each individual, please state:

           a.     The position for which they applied, were
                  interviewed, were considered or expressed interest;
           b.     Their race;
           c.     Their last known mailing address and telephone
                  number;
           d.     Every reason why the individual was not hired for
                  the position.[18]

After defendants objected to these interrogatories as being irrelevant and overly

burdensome, plaintiff moved the court to compel production.[19]  That motion was

granted on May 31, 2005,[20] and defendants were ordered to respond fully and

completely to plaintiff's interrogatories by June 17, 2005.[21]  In response, defendants

disclosed (among other materials) a list of individuals who applied for Principal

positions in the Lawrence County School System from 1985 to 2005.  They also

disclosed a list of applicants for Assistant Principal positions during the same time

period.[22]  The lists state the name and race of the applicant, the position sought, and

---

[18] Doc. no. 16, Ex. A (Plaintiff's First Interrogatories to Defendants); *see also id.*, Brief in
Support of Motion to Compel, at 1-3.

[19] Doc. no. 16.

[20] Doc. no. 25 (memorandum opinion) and doc. no. 26 (order).

[21] *See* doc. no. 26.

[22] *See* doc. no. 30 (Motion to Extend), Exs. A-B.

the year the position was sought.  For example, with regard to applicants for Principal

positions, defendants disclosed in part as follows:

1985-86

      Mount Hope School
          Larry Burks        W
          Larry Hancock   W
          Beverly Harvey  W

      East Lawrence Elementary School
          Jewell Satchel   B
          Beverly Harvey  W
          Larry Hancock   W

(Doc. no. 30, Motion to Extend, Ex. A).  Each list, however, included the following

caveat:  "This list is incomplete due to the fact that no records were kept of persons

who applied for various positions in the Lawrence County School System.  The

following list was compiled from memory of some of the applicants."[23]

      Plaintiff complains that this information is incomplete and unreliable.  Plaintiff

represents to the court that:

> if discovery is extended, Plaintiff intends to request that the Board
> identify each African-American employee of the Board who has been
> certified by the Alabama State Department of Education to work as
> Principal or Assistant Principal.  Plaintiff will then personally contact
> each such employee to determine if such employee applied for any
> Principal or Assistant Principal positions.  The results of such contact
> will hopefully provide all parties with sufficient information to conduct

---

[23] *Id.*

7

a meaningful analysis of the Board's hiring practices.[24]

The court does not question plaintiff's desire for more reliable evidence. However, the court ordered defendants to provide answers to plaintiff's interrogatories by June 17, 2005.  There is no indication that defendants failed to do so.  Therefore, plaintiff had *45 days* from the date of disclosure (June 17, 2005) to the discovery cut-off date (August 1, 2005).  This was an opportunity to review the disclosed information, identify gaps in the evidence, and seek additional discovery as needed.  Plaintiff offers no explanation as to why the time allotted was insufficient.  Plaintiff's motion for additional discovery regarding Principal and Assistant Principal applicants is due to be denied.

### 2.    Principal's Training Program

The Principal's Training Program was implemented in 1999 by Cindy Collins, a former Superintendent of the Lawrence County School System.[25]  According to plaintiff, the program was designed to train individuals for promotion to the position of Principal.  Plaintiff represents that additional discovery is warranted for two reasons.  First, plaintiff wishes to directly contact African American individuals who were qualified for the program "to determine if they applied for the program or if they were offered an opportunity to apply for the training program."  Plaintiff also wishes

---

[24] Doc. no. 30 (Motion to Extend), at 2.

[25] *See id.*; *id.*, Ex. C.

to depose Ms. Collins to "determine her recollections of the training program."[26]

Again, plaintiff had an opportunity to conduct discovery within the allotted time period. Defendants represent to the court that "Plaintiff *has known for some time* of the training program's existence and *has had every opportunity to request depositions* of anyone else that he believed had knowledge about the program."[27] Plaintiff's reply brief did not attempt to rebut this characterization of delay. Plaintiff's motion for additional discovery regarding the Principal's Training Program is due to be denied.

### 3.    Discovery on disparate impact claim

Plaintiff requests "an opportunity to conduct additional discovery on the disparate impact claim."[28] This motion is due to be denied as moot.

## III. CONCLUSION

Plaintiff's motion for leave to amend his complaint will be denied. His motion for three months of additional discovery also will be denied. An appropriate order will be entered.

DONE this 24th day of August, 2005.

_____
United States District Judge

---

[26] Doc. no. 30 (Motion to Extend), at 2.

[27] Doc. no. 31 (Opposition to Plaintiff's Motion), at 3 (emphasis supplied).

[28] Doc. no. 30 (Motion to Extend), at 3.